

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUSIANA

**01-2314**

| | | |
|---|---|---|
| Smoothie King Franchises, Inc., | ) | FILE NUMBER:_____ |
| | ) | |
| Plaintiff, | ) | JUDGE:____ **SECT. T MAG. 1** |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| Sciascia Restaurants, Inc. and Charles W. Sciascia, Sr., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Smoothie King Franchises, Inc. ("SKFI") as and for its Complaint against defendants Sciascia Restaurants, Inc. ("SRI") and Charles W. Sciascia, Sr. ("Sciascia"), states and alleges as follows:

### PARTIES

1.  SKFI is a Louisiana corporation with its principal place of business located at 2400 Veterans Memorial Boulevard, Suite 110, Kenner, Louisiana, 70062.

2.  Defendant SRI is, upon information and belief, a Florida corporation with its principal place of business located at 2350 North Federal Highway, Ft. Lauderdale, Florida 33305. Defendant is or was the owner and/or operator of seven different SMOOTHIE KING® franchises located in the state of Florida.

3. Defendant Sciascia is, upon information and belief, a resident and citizen of the state of Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case under 28 U.S.C. § 1332 in that the parties reside in different states and the amount in controversy exceeds $75,000.00. Venue in this court is proper under 28 U.S.C. § 1391 in that a substantial part of the events giving rise to SKFI's claims occurred in this district. Further, pursuant to paragraph 25.2 of the franchise agreements which govern this action, any suit or proceeding arising under or in connection with the agreements or the corresponding franchised businesses are subject to jurisdiction in Louisiana federal or state court.

## CONDUCT GIVING RISE TO VIOLATIONS OF LAW

5. SKFI has developed a unique and distinctive business system for the sale, establishment, operation and marketing of unique nutritional and refreshing drinks ("smoothies") and general nutritional products including vitamins, minerals, nutritional supplements, sports nutrition products, diet products, low fat and fat free items, natural food items and other related products  Currently, 247 SMOOTHIE KING® stores exist and operate throughout the United States. Each SMOOTHIE KING® store exists and operates only through company stores or authorized SMOOTHIE KING® franchisees.

6. On March 4, 1997, SKFI entered into an Area Development Agreement with REX, Ltd., a Florida Limited Partnership. The Area Development Agreement granted REX, Ltd. the right and option to establish and operate multiple SMOOTHIE KING® franchised businesses in a designated area in the state of Florida. A true and correct copy of the Area Development Agreement, as amended, is attached to this Complaint as Exhibit 1.

7.  Also on March 4, 1997, SKFI and REX, Ltd. entered into a Franchise Agreement pursuant to which SKFI granted REX, Ltd. a license to use the SMOOTHIE KING® name and SMOOTHIE KING® Marks to operate a SMOOTHIE KING® retail store in a location encompassed by the Area Development Agreement. Thereafter, SKFI and REX, Ltd. (and its related entities) entered into six additional franchise agreements that granted REX, Ltd. (and its related entities) a license and right to operate six additional SMOOTHIE KING® retail stores in an area encompassed by the Area Development Agreement. The six Franchise Agreements that are the subject of this Complaint are attached hereto as Exhibits 2 through 7 and are identified as follows:

   a. REX 147 Ltd. Franchise Agreement dated March 4, 1997;

   b. REX 154 Ltd. Franchise Agreement dated June 27, 1997;

   c. REX 159 Ltd. Franchise Agreement dated January 17, 1998;

   d. REX 187 Ltd. Franchise Agreement dated March 19, 1998;

   e. REX 186 Ltd. Franchise Agreement dated August 24, 1998; and

   f. REX 203 Ltd. Franchise Agreement dated October 5, 1998.

8.  On or about October 1, 1999, defendant SRI entered into a Transfer Agreement with SKFI and REX, Ltd. (and its related entities) under which defendant SRI acquired and was granted all rights, title, and interest in the March 4, 1997, Area Development Agreement, as amended by the First Amendment to Development Agreement dated October 1, 1999, and the Franchise Agreements referenced above. A true and correct copy of the Transfer Agreement is attached to this Complaint as Exhibit 8.

9.  Defendant Sciascia executed a Guaranty dated October 1, 1999, pursuant to which he personally agreed to absolutely and unconditionally guarantee each of defendant SRI's

obligations under the Franchise Agreements and Area Development Agreement. A true and correct copy of the Guaranty is attached to this Complaint as Exhibit 9.

10. Pursuant to paragraph 3.5 of the Franchise Agreements, defendant SRI agreed to pay SKFI an operating fee equal to five percent (5%) of the weekly Gross Sales (as that term is defined in paragraph 3.8 of the Franchise Agreements) of the related franchised business.

11. Pursuant to paragraph 3.6 of the Franchise Agreements, defendant SRI agreed to pay SKFI advertising fees in an amount up to two percent (2%) of the related franchised businesses' weekly Gross Sales. SKFI currently obligates defendant SRI to pay one percent (1%) of the related franchised businesses' weekly Gross Sales.

12. Pursuant to paragraph 3.7 of the Franchise Agreements, defendant SRI agreed to pay the operating and advertising fees on weekly basis on or before each Monday with respect to Gross Sales during the immediate preceding week. Further, under paragraph 3.7, defendant SRI agreed to pay interest at the rate of eighteen percent (18%) per annum, or the maximum rate permitted by law, on any operating and advertising fees not received by Friday of any week, with respect to Gross Sales during the immediate preceding week.

13 Under paragraph 14.3 of the Franchise Agreements, defendant SRI's failure to pay the operating or advertising fees when due constitutes a default and entitles SKFI to terminate the related Franchise Agreement if defendant SRI does not cure the default within ten days of receiving written notice of the default from SKFI.

### Defendant SRI's Failure To Pay The Required Fees

14. Defendant SRI has failed to pay the required operating fees, advertising fees and interest on the overdue amounts relating to the Franchise Agreements. As of July 22, 2001,

Defendant SRI is indebted to SKFI for past due fees in an approximate amount of $99,000, plus interest.

15. SKFI has made a demand upon defendant SRI and defendant Sciascia (as the Guarantor) for payment of the amounts due and owing and defendants SRI and Sciascia have failed and refused to satisfy the demand.

16. As a result of defendant SRI's failure to pay the required operating and advertising fees, SKFI sent defendant SRI a Notice of Termination of Area Development Agreement letter dated February 15, 2001. The letter advised defendant SRI that it was in default due, in part, to its failure to pay the required fees. The letter also advised Defendant SRI that the Area Development Agreement would be terminated, without further notice, if the defaults were not cured within thirty days. A true and correct copy of the February 15, 2001 letter is attached to this Complaint as Exhibit 10.

17. Defendant SRI did not cure the defaults and, as a result, SKFI terminated the Area Development Agreement.

### Defendant SRI's Abandonment Of Two SMOOTHIE KING® Retail Stores

18. Pursuant to paragraph 2.1 of the Franchise Agreements, the term of each Franchise Agreement was to be ten years.

19. On or about July 30, 2000, and without the consent of SKFI, defendant SRI abandoned and ceased operation of the SMOOTHIE KING® retail store he was operating under the REX 186 Ltd. Franchise Agreement dated August 24, 1998. Further, on or about February 25, 2001, and without the consent of SKFI, defendant SRI abandoned and ceased operation of the SMOOTHIE KING® retail store he was operating under the REX 187 Ltd. Franchise Agreement dated March 19, 1998.

## COUNT I: BREACH OF CONTRACT--PAST DUE FEES

20. SKFI hereby incorporates paragraphs 1 through 19 of this Complaint.

21. Defendant SRI defaulted under the terms of the Franchise Agreements by, among other things, failing to pay all fees required thereunder, including failing to pay operating fees and advertising fees and interest on past due amounts.

22. As of July 22, 2001, defendant SRI is indebted to SKFI in an approximate amount of $99,000 for past fees due to its breach of the Franchise Agreements.

23. As a result of defendant SRI's breach and failure to pay the required fees, SKFI is entitled to damages in an amount to be determined at trial, but not less than $99,000, plus interest, costs, and attorneys' fees as allowed by paragraph 25.4 of the Franchise Agreements.

## COUNT II: FUTURE LOST FEES

24. SKFI hereby incorporates paragraphs 1 through 23 of this Complaint.

25. Each of the Franchise Agreements had an initial term of ten years.

26. Defendant SRI's closure and abandonment of the SMOOTHIE KING® retail stores he was operating under the REX 186 Ltd. Franchise Agreement dated August 24, 1998 and REX 187 Ltd. Franchise Agreement dated March 19, 1998 entitles SKFI to recover damages for lost future fees in an amount to be determined at trial, but in an amount not less than approximately $200,000, plus interest, costs and attorneys' fees as allowed by paragraph 25.4 of the Franchise Agreements.

## COUNT III: BREACH OF GUARANTY

27. SKFI hereby incorporates paragraphs 1 through 27 of this Complaint

28. Under the terms of the Guaranty, defendant Sciascia is obligated to pay the amounts due and owing by defendant SRI to SKFI.

29. Defendants Sciascia has failed to pay SKFI the amounts due and owing by defendant SRI.

30. As a result of defendant Sciascia's failure to make payment, SKFI has been damaged in an amount in amount to be determined at trial, plus interest, costs and attorneys' fees as allowed by the terms of the Guaranty.

WHEREFORE, SKFI prays for the following relief:

1. For an accounting of defendant SRI's revenues and earnings for his SMOOTHIE KING® franchised businesses, for the purpose of determining damages.

2. For a money judgment against defendants, jointly and severally, in an amount to be determined at trial for past due fees required under the Franchise Agreements, as well as an accounting to determine all unreported fees.

3. For an award of lost future profits to be determined at trial.

4. For SKFI's costs, disbursements, costs of investigation and attorneys' fees incurred in this action, as allowed under the terms of the Franchise Agreements and the Guaranty, and the Area Development Agreement.

5. For such other and further relief as the Court deems just and proper.

Dated: July ___, 2001.

GENERAL COUNSEL FOR SMOOTHIE KING FRANCHISES, INC.

By_____
Roland Baggott III, Esq. (#25562)
2400 Veterans Memorial Boulevard
Suite 110
Kenner, Louisiana, 70062
Telephone: (504) 467-4006 Ext. 106
Facsimile: (504) 469-1274

- 8 -

AND

GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.
    Quentin R. Wittrock (MN Bar ID #179061)
    Craig P. Miller (MN Bar ID #26961X)
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota  55402
Telephone: (612) 343-2800
Facsimile: (612) 333-0066

ATTORNEYS FOR PLAINTIFF

GP:812849 v1

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**